## CIRCUIT COURT OF THE CITY OF RICHMOND

Layne's Administrators

v.

L. Glenn Christie

August 20, 1984

Case No. LG-1725

By JUDGE WILLARD I. WALKER

This case raises the interesting question concerning the proper procedure to follow where an attorney challenges the right of another attorney to ask certain questions at a deposition. The specific facts underlying this case are as follows:

Plaintiffs' attorney took extensive depositions of the defendant physician but was blocked from receiving answers to certain questions by objections of defendant's attorney and defendant's attorney's instruction to the defendant not to answer.

After a court hearing an order was entered which provided in part that plaintiffs were allowed to "obtain answers to the following questions and any others to which they may reasonably lead:"

(a) Q: All right. When you told me before about the indications or criteria for the performance of antrectomy vagotomy surgery, are they the same in other states as they are in Virginia?

(b) Q: Dr., based on your membership in a number of regional organizations and national organizations and attendance of national meetings and seminars, do you have occasion to be familiar with how surgeons in

other parts of the country perform and what criteria they use for the performance of antrectomy and vagotomy surgery?

(c) Q: Based on your same knowledge and membership in regional and national organizations and attendance at national seminars, do you know whether the criteria for the performance of antrectomy and vagotomy are the same in Virginia as they are in other places?

(d) Q: Do you know whether the standards are the same in North Carolina as they are in Virginia?

(e) Q: Who do you consider to be the real experts in peptic ulcer disease and antrectomies and vagotomies?

In subsequent depositions the five questions were answered, as well as several others "reasonably related thereto," but defendant's attorney instructed the defendant not to answer certain questions which counsel felt were contrary to the court's order, contrary to Rule 4:1, and generally an abuse of discovery. All of the questions and colloquy of counsel are set forth in the supplemental depositions of the defendant taken on June 25, 1984.

With respect to the ruling in this case, I agree with defendant's position in all respects and I direct that no further depositions shall be taken of the defendant by plaintiffs. Plaintiffs' motion for sanctions is, of course, denied.

As to future conduct in this type of case or problem, the procedure in this court will be as follows. When disputes arise during a deposition, counsel, as officers of the court, are required to use all reasonable efforts to resolve the matter. The attorney objecting to questions should, where feasible, allow the answer to be given subject to objection. This is particularly important in those cases where the deposition is being taken to be used as evidence in the case de bene esse rather than for pure discovery.

However, if the objecting attorney believes that the answer would be improper because requiring the answer violates the Rules of Court or some court order, then counsel should first attempt to contact a judge by telephone or in person to obtain a ruling. If this is not possible, then the objecting attorney may instruct his client not to answer, provided the attorney believes that to answer would disclose privileged information, or that to answer would be prejudicial to the rights of the clients in the case. Appropriate sanctions may be imposed if the attorney's conduct is unreasonable or unlawful.

The depositions may be terminated by any party if (1) there is substantial harassment of a witness, including but not limited to unprofessional conduct by an attorney, or (2) an attorney in good faith believes that further questioning cannot be fairly pursued under the circumstances. Thereupon, a court ruling and/or the entry of a protective order pursuant to Rule 4:1(c) should be obtained and the decision to terminate the deposition will be subject to appropriate sanctions by the court, if justified.

Judge Cole and I have discussed this matter, and cases before us in the John Marshall Courts Building will be governed by these procedures.